IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00329-D

**Frances Beach**,

    Plaintiff,

v.

**William Grady**, et al.,

    Defendants.

**Order**

  After her grandson, Eric Griffith, died while in the custody of the Harnett County Sheriff's Office, Frances Beach sued the Harnett County Sheriff, several deputy sheriffs, and the company that issued the Sheriff's surety bond. In November 2023, Beach asked Harnett County Sheriff Wayne Coats to produce any documents related to the Sheriff's Office's internal investigation into Griffith's death. Coats did not produce any responsive documents. And his attorney repeatedly denied that an investigation occurred, despite the Sheriff's testimony to the contrary.

  But the Sheriff's Office had conducted an internal investigation. And Defendants had responsive documents in their possession, custody, and control. In mid-April 2023, Defendants began producing some of those documents. Yet Beach contends that the production is incomplete. She asked the court to compel Coats to produce all responsive documents and supplement his initial disclosures and interrogatory responses.

  After Beach filed her motion, Defendants produced additional responsive documents. Still, Beach claims that more responsive documents exist. She notes that the produced documents refer to other documents that Defendants have not yet produced.

Having reviewed the parties' filings and held a hearing on the motion, the court agrees with Beach. The record establishes that the Sheriff's Office should possess additional, responsive documents. Defendants have not persuaded the court that they have satisfied their obligation under Rule 34 to locate and produce those documents. Thus the court grants the Amended Motion to Compel. D.E. 30.

Coats, in his official capacity as Sheriff of Harnett County, must produce all non-privileged documents in his possession, custody, or control that relate to the death of Eric Griffith and are responsive to Requests for Production 12, 13, 26, 43, 51, 54. He must also supplement his initial disclosures and his responses to Interrogatories 3, 4, and 5 to the extent that the existing disclosures or responses are incomplete or incorrect. This production and supplementation must take place no later than 14 days after the entry of this order.

Since Beach has prevailed on her motion (and received additional responsive documents after filing the motion), she is entitled to recover the "reasonable expenses incurred" in connection with it. Fed. R. Civ. P. 37(a)(5)(A). The only exception to this rule is if the moving party "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" the non-moving party's actions were "substantially justified;" or "other circumstances make an award of expenses unjust." *Id.*

The court finds that none of the exceptions to Rule 37's mandatory language apply. Beach's attorney made substantial efforts to obtain the responsive documents before filing the motion. And the declaration submitted by the Sheriff's staff attorney does not establish that the failure to locate and produce all responsive documents in a timely manner was substantially justified. The Sheriff's testimony put Defendants on notice that an internal investigation occurred. Defendants failed to persuasively explain why they disregarded that statement. What's more, the documents that were

2

Case 5:23-cv-00329-D-RN    Document 43    Filed 07/02/24    Page 2 of 3

belatedly produced appear to have been readily identifiable and accessible had Defendants taken the Sheriff's statement and their obligations under the Federal Rules seriously. Nor have they explained why they have been unable to locate and produce other documents related to the investigation into Griffith's death that appear to have existed at one point. There is also nothing in the record establishing that an award of fees and costs would be unjust.

So the court grants Beach's request to recover from Coats, in his official capacity as Sheriff of Harnett County, the reasonable costs, including attorney's fees, she incurred in bringing this motion. The court will enter a separate order setting out the process for calculation and payment of those costs.

Dated: July 2, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge