IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00329-D-RN

**Frances Beach,** as Administrator of The Estate of Eric Griffith,

    Plaintiff,

v.

**William Grady**, et al.,

    Defendants.

**Order**

The attorneys representing Plaintiff Frances Beach have trouble complying with the court's Local Civil Rules. The court recently denied a motion to compel filed on Beach's behalf without prejudice because of several violations of those rules and the court's filing procedures. The court required Beach's attorneys to review the Local Civil Rules and cautioned that future violations could lead to denial of a motion with prejudice. Yet despite the court's admonition, Beach's latest motion also violates the Local Civil Rules in a material and substantive way. As a result, the court denies the motion with prejudice.

**I.    Background**

Beach is suing the Harnett County Sheriff, his deputies, and his surety for alleged constitutional violations that led to her son's death while in the Sheriff's custody. Compl. *passim*, D.E. 1. During discovery, she sought and received an order requiring the Defendants to supplement their responses to her requests for production of documents. July 2, 2024 Order, D.E. 43.

Then, in August 2024, Beach asked the court to compel the Defendants to comply with that order, arguing that they had not done so. D.E. 46. Beach also asked the court to compel the

Sheriff's Office to produce an adequately prepared designee for a Rule 30(b)(6) deposition, claiming that the designees who appeared on its behalf were ill-prepared to testify. *Id.* And she also wanted the court to sanction the Defendants in various ways, including entry of default judgment and a spoliation instruction, for their alleged misconduct. *Id.*

The court denied that motion because it violated several of the court's local rules and procedures. Sept. 5, 2024 Order at 2, D.E. 48. First, the motion was 25-pages long, which violated the requirement that motions be concise. *Id.* at 1. Second, Beach did not file her supporting memorandum as a separate document, as required by the court's CM/ECF Policy and Procedures Manual, but included it as an attachment to her motion. *Id.* And third, Beach violated the court's electronic filing guidelines by not including an exhibit index despite being required to do so. *Id.* at 2.

While the court denied the motion, it did so without prejudice and allowed Beach seven days to refile her motion. *Id.* The court also required that "[e]ach attorney who has appeared on Beach's behalf and any staff responsible for filing documents with the court on her behalf must review the court's Local Civil Rules and the CM/ECF Policy and Procedures Manual before filing any other documents with the court." *Id.* What's more, the court warned Beach that "[f]urther violations of the Local Civil Rules may result in the denial of the motion with prejudice." *Id.*

On the same day the court filed that order, Beach filed a "corrected" motion. D.E. 49. That filing was ten pages long and contained substantial discussion of the facts underlying the motion as well as argument. *Id. passim*. Beach also submitted a separate, eight-page supporting memorandum. D.E. 50. Attached to that memorandum was a certification that the document

2

Case 5:23-cv-00329-D-RN   Document 61   Filed 10/16/24   Page 2 of 5

complied with the Local Civil Rules' 2,800-word limit for memoranda related to discovery motions. *Id.* at 8.

Defendants responded to the motion on substantive grounds, but also argued that it should be denied because Beach had, once again, violated the Local Civil Rules' requirement that motions be concise. Resp. in Opp. at 4, D.E. 56. They noted that the corrected motion "contains 3,514 words (excluding the case caption, signatures, and certificates) and 45 paragraphs of arguments/briefing[,]" while Beach's supporting memorandum "contains an additional 8 pages and 2,292[ ]words of arguments and briefing." *Id.*

## II. Discussion

The court's Local Civil Rules set out the requirements for motions the parties file. As is relevant here, those rules require that "[a]ll motions shall be concise and shall state precisely the relief requested." Local Civil Rule 7.1(b)(1).

In most cases, the Local Civil Rules require that a party file a supporting memorandum with their motion. Local Civil Rule 7.1(e). That document must include "a concise summary of the nature of the case;" a recitation of the pertinent facts; argument on the matter before the court; and, if required by the local rules, copies of decisions cited in the document. Local Civil Rule 7.2(a). And, when addressing a discovery motion, the memorandum must cover all that ground in no more than ten pages or in fewer than 2,800 words.[1] *Id.* 7.2(f).

---

[1] The Local Civil Rules exclude "[t]he case caption, the signature block, any required certificates, any table of contents, any table of authorities, and any attachments, exhibits, affidavits, and other addenda to a memorandum" from the page and word limits. Local Civil Rule 7.2(f)(1).

3

Given these requirements, there is no question that Beach once again violated this court's requirement that motions be concise. The most obvious evidence of this violation is that the motion contains more words than the court allows for the supporting memorandum that must accompany it. Combined, the motion and memorandum contain more than 5,800 words—more than double the 2,800-word limit for discovery-related memoranda.

Plus, the motion is generally indistinguishable from a supporting memorandum. It contains substantial discussion of the facts, as well as argument about why Beach is entitled to relief. Given that the Local Civil Rules require these matters to be included in a supporting memorandum, they have no place in a motion.

Beach's contrary approach is problematic because it effectively circumvents the Local Civil Rules' page and word limits for supporting memoranda. Allowing a moving party to use a motion to avoid those limits prejudices the non-moving party since the non-moving party must comply with those limits in its response memorandum.

Having found that Beach violated the Local Civil Rules, the court must determine what to do about it. In many cases, local rules violations are minor, technical, or simply inconvenience the court. Beach's failure to file her initial supporting memorandum separately and the failure to include an exhibit index fall into these categories. These sorts of violations do not seriously impede the administration of justice and, if infrequent, can be adequately addressed through deficiency notices or admonishing counsel to comply with the Local Rules going forward.

But the violation here is substantive and undermines the administration of justice. Beach has used her motion as a tool to avoid the word and page limits imposed by the court on supporting memoranda for discovery motions. That gives Beach an unfair advantage. And considering that

4

she seeks entry of a default judgment and a spoliation instruction as remedies for the Defendants' alleged wrongdoing, she sought that advantage in connection with a high-stakes motion.

On top of all that, this violation occurred after the court had given Beach a second chance to file her motion. When it did so, it warned Beach that if her refiled motion violated the local rules, it may be denied with prejudice. Despite this warning (and requiring Beach's attorneys to review the Local Civil Rules before refiling the motion), Beach still failed to file a concise motion.

There are also matters of timing to consider. Discovery closed months ago, and dispositive motions are due in just a few weeks. If the court were to allow Beach yet another chance to file a corrected motion, the time required for briefing and resolution of that motion (assuming it complied with the Local Civil Rules) would require further delays.

Given the facts and the interests at stake, the court will deny Beach's motion with prejudice. This action is necessary to compel respect for the court's rules, deter future similar conduct from these or other attorneys, and to ensure the timely and efficient resolution of this matter.

### III. Conclusion

For these reasons, Beach's motion to compel and for sanctions (D.E. 49) is denied with prejudice. In light of the reason for denial, each party will bear their own costs.

Dated: October 16, 2024

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge